## I. B. Jacobs, Defendant in Error, v. R. K. Maynard Piano Company, Plaintiff in Error.

### Gen. No. 17,631.

1. CONTRACT—*evidence.* In an action for a prize in a puzzle contest *held,* that there was no contract whereby defendant contracted to "pay a genuine bank check" to plaintiff for his solution of the puzzle.

2. CONTRACTS—*what letter does not acknowledge absolute obligation.* A company which conducts a puzzle contest does not acknowledge any absolute obligation to plaintiff by a letter providing "We congratulate you on your success as your name was submitted by the judges of our puzzle contest awarding you a substantial amount; we enclose herewith a bank check for the amount you have been awarded."

Error to the Municipal Court of Chicago; the HON. EDWIN K.

WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed with finding of fact. Opinion filed June 24, 1913.

MARVIN E. BARNHART, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; S. SIDNEY STEIN, of counsel.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

An action was brought by I. B. Jacobs, defendant in error, against the R. K. Maynard Piano Company, plaintiff in error, to recover the amount of a fourth prize, namely, a $150 bank check, one of the prizes offered in a certain advertisement of the plaintiff in error. February 5, 1911, plaintiff in error published in the "Chicago Tribune" an advertisement for a puzzle contest which provided for certain prizes, the fourth prize being a bank check for the above amount. The prizes were to be awarded according to the neatness of the correct answers and solutions of the puzzle. About 2,000 correct solutions were received in reply to the advertisement. The plaintiff in error had a committee of award, consisting of its president, treasurer and its advertising manager, who examined all the replies and solutions and awarded the prizes at that time.

The defendant in error solved the puzzle correctly, sent in his answer and solution on the advertisement as taken from the paper, the correct figures being inserted on that piece of paper, but he was not awarded any of the prizes. The fourth prize was awarded to Mrs. R. A. Kirkpatrick on her answer and solution in accordance with the advertisement, and in the opinion of the committee of award, on the basis of its merit as regards neatness, etc.

Plaintiff in error voluntarily sent conditional checks,

but not all drawn alike, to apply upon purchases of pianos as an advertising proposition to all who solved the puzzle correctly, and accompanied most, if not all, of them with a printed circular letter. One of these checks and its accompanying circular letter is the basis of defendant in error's claim, no contention being made by him or proof offered by him that his solution or answer was entitled to the fourth prize on the basis of neatness. No contention was made nor was proof offered by him tending to show any fraud in the awarding of the prizes.

The letter and the check enclosed therein, upon which defendant in error based his claim, were dated February 11, 1911. The clause of the letter upon which reliance is made, and must be made, for the contention of the defendant in error is as follows:

"We congratulate you upon your success, as your name was submitted by the judges of our puzzle contest, awarding you a substantial amount; we enclose herewith a bank check for the amount you have been awarded."

The enclosed check bears date "Chicago, Feb. 11, 1911," and reads:

"The National Produce Bank of Chicago,
        Clark and Lake Streets.
Pay to The Order of
John M. Barnhart, Advertising Manager...$150.00
One Hundred Fifty.......................Dollars.
This check good only as part payment for any piano or player piano in our stock, at regular retail price, when endorsed by John M. Barnhart, Advertising Manager, and countersigned by our treasurer if presented at our office on or before February 25, 1911.

Not more than one of these checks accepted on any one piano.
                    (Signed) R. K. MAYNARD PIANO CO.,
                        By R. K. Maynard."

It is contended on behalf of the defendant in error

that the advertisement, coupled with the performance by the defendant in error of, the act called for in the advertisement, created a contract on the part of plaintiff in error to "pay a genuine bank check" to defendant in error. The argument is that the advertisement offered a $150 bank check as a prize for a correct solution of a certain puzzle and that the acceptance of the offer was made by the defendant in error when he solved the puzzle and sent in a correct solution to the plaintiff in error, and that the ensuing letter and purported check which were sent to the defendant in error amount to an acknowledgment of the performance of the act or work called for by the advertisement, and that, therefore, a contract was completed, and the plaintiff in error is indebted to the defendant in error for the amount of $150.

Upon a careful examination of the advertisement contained in the record, the letter of February 11, 1911, and the check inclosed, together with the testimony in the case, we are of the opinion that they do not constitute a contract between the parties to the action. The award of the prize was not made to the defendant in error, but to Mrs. R. A. Kirkpatrick. The subsequent letter of February 11, 1911, enclosing a check payable to the order of J. M. Barnhart, Advertising Manager, does not constitute an acknowledgment of any absolute obligation to the defendant in error. Whether Mrs. Kirkpatrick has ever been paid the fourth prize awarded or not, or whether she received a check similar to the one received by the defendant in error, concerning which so much appears in the record, is immaterial and irrelevant. The judgment of the Municipal Court of Chicago is reversed with a finding of fact.

*Reversed with a finding of fact.*